UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,   ) | |
| ) | |
| Plaintiff,   ) | |
| ) | |
| v.   ) | Case No. 4:95-cr-00142-2 |
| ) | |
| RICARDO RIOJAS,   ) | |
| ) | |
| Defendant.   ) | |

**MOTION FOR REDUCTION OF SENTENCE PURSUANT TO
18 U.S.C. § 3582(c)(1)(A)**

Ricardo Riojas ("Riojas"), by and through the undersigned counsel, respectfully submits this Motion for a Reduction in Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A) and the First Step Act of 2018. In support thereof, Riojas offers the following:

**I. INTRODUCTION**

In December 2018, Congress enacted the First Step Act ("FSA") which modified Title 18 of United States Code Section 3582(c)(1) to allow a defendant to bring a motion for modification of sentence where "extraordinary and compelling reasons warrant such a reduction[.]" Riojas was sentenced to a term of life imprisonment on June 21, 2002. Over the past 17 years, Riojas has become critically ill. Riojas has sought compassionate release from the Federal Bureau of Prisons ("BOP") pursuant to BOP Program Statement 5050.49 (now P.S. 5050.50); however, Riojas' request has been pending since November 1, 2017. Since the enactment of the FSA,

Riojas now has the ability to directly seek relief from the Court so that he may spend his final days with his family rather than shackled to a hospital bed. For the reasons discussed below, Riojas respectfully prays that this Court will grant Riojas immediate release pursuant to 18 U.S.C. § 3582(c)(1)(A) based on extraordinary and compelling circumstances.

## II. BACKGROUND

On June 21, 2002, Riojas was sentenced to a term of life imprisonment, combined with a concurrent term of 240 months imprisonment, for Continuing a Criminal Enterprise, in violation of 21 U.S.C. § 848; and Conspiracy to Launder Monetary Instruments, in violation of 18 U.S.C. § 1956. Riojas is now 76 years old and in failing health. On November 1, 2017, Riojas–through the undersigned counsel–submitted a request for Compassionate Release/Reduction in Sentence to the Warden of Beaumont Medium Federal Correctional Institution, based on BOP P.S. 5050.49.[1] On January 4, 2018, the undersigned received a response from Warden Dallas B. Jones indicating that "[a] review of inmate Riojas' medical record reveals a request for Reduction in Sentence has been initiated based on Elderly with Medical Condition. Inmate Riojas will be informed in writing of the outcome."[2]

---

[1]   *See* Exhibit A.
[2]   *See* Exhibit B.

The undersigned sent a follow up letter to Warden Jones on February 5, 2018.[3] After receiving no response, the undersigned sent another follow up letter on September 12, 2018.[4] Again, after receiving no response from the BOP, the undersigned sent a letter to Mr. Hugh J. Hurwitz, Acting Director of the BOP, on March 11, 2019.[5] To this date, neither the undersigned nor Riojas have received any final decision or update on the status of Riojas' request for compassionate release.

### III. APPLICABLE LAW AND AUTHORITIES

At the time Riojas submitted his compassionate release request to the Warden, BOP Program Statement 5050.49 was in effect. Program Statement 5050.49 permits early release consideration for inmates who have incurable, progressive illness or who have suffered a debilitating injury from which they will never recover. Additionally, P.S. 5050.49 permits release for an elderly inmate with medical conditions who is age 65 or older. Pursuant to the Program Statement, the Director of the Bureau of Prisons could move the sentencing court for a reduction in the inmates sentence where "extraordinary and compelling reasons warrant such a reduction[.]" 18 U.S.C. § 3582(c)(1)(A)(i).

In December 2018, Congress enacted the First Step Act which modified section 3582(c)(1). As it reads now:

---

[3]   *See* Exhibit C.
[4]   *See* Exhibit D.
[5]   *See* Exhibit E.

>(c) Modification of an Imposed Term of Imprisonment.–The court may not modify a term of imprisonment once it has been impsed except that—
>
>>(A) the court, upon motion of the Director of the Bureua of Prisons, *or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier*, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>>
>>>(i) extraordinary and compelling reasons warrant such a reduction; or
>>>
>>>(ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>>>
>>>>and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission;

18 U.S.C. § 3582(c)(1)(A).

Pursuant to the First Step Act of 2018, Riojas may now move the Court for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). For the reasons detailed below, Riojas prays that the Court will find extraordinary and compelling reasons warrant a reduction in Riojas' sentence.

4

## IV. A REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A)(i) IS WARRANTED

Riojas is currently 76 years old and suffers from osteoarthritis of bilateral knees, sinus bradycardia, chronic hyperkalemia, esophageal reflux, dermatitis, glaucoma, Vitamin D deficiency, neuralgia and neuritis. Riojas' osteoarthritis has impeded his ability to walk on his own and he requires the use of a wheelchair. Riojas is further unable to work in the prison due to his disabilities. Riojas is currently prescribed the following medications to alleviate his symptoms: omeprazole (20 mg), Pravastatin (40 mg), acetaminophen (325 mg), amlodipine (5 mg), Fosinopril (20 mg), Latanoprost Opthalmic (5 ml), nitroglycerin (0.4 mg), Oxcarbazepine (150 mg), Triamcinolone 0.1% (15 mg), Timolol Maleate Opthalmic (5 ml), and Oxcarbazepine (150 mg).

The sinus bradycardia was noted on January 17, 2017, with a "possible lateral infarction" after Riojas reported to have numbness from his chest down to his left arm. On January 23, 2017, an EKG was performed on Riojas and resulted in "abnormal EKG showing lateral infarction symptomatic."

While Riojas was in FCC Tucson, it was presented that Riojas' x-rays showed "Right knee: severe medical compartment joint space narrowing with essentially bone on bone articulation. Left Knee: Severe degenerative joint space narrowing in the medical compartment of the left knee." During that visit on November 23, 2016, it was also mentioned that Mr. Riojas had been suffering from chronic hyperkalemia for over a year. On December 1, 2016,

5

Riojas was diagnosed with "kyphotic curvature of the thoracic spine with mild to moderate anterior chronic wedging of T8 vertebral body and moderate chronic anterior wedging of T12 vertebral body with mild endplate degenerative osteophyte formation in the lower thoracic spine and disc space narrowing at a few levels in the lower thoracic spine. No acute osseous abnormality." Furthermore, Riojas underwent a procedure referred to as a laparoscopic herniorrhaphy inguinal preperitoneal to the right abdomen and was diagnosed with "inguinal hernia without mention of obstruction or gangrene, unilateral or unspecified," after receiving a medical assessment at Tucson Medical Center on March 16, 2015.[6]

As can be seen, Riojas suffers from a significant number of severe maladies that, combined with his age, significantly limits the amount of time Riojas has left to live. While Riojas is cognizant of the fact that the Court sentenced him to a then–mandatory term of life imprisonment, Riojas respectfully prays that it was not the Court's intention for him to spend his last remaining days in prison without his loved ones.

In addition, consideration of the factors enumerated under 18 U.S.C. § 3553(a) supports granting § 3582(c)(1) relief. Over the many years, Riojas has shown himself to be a model inmate in the BOP. He has taken numerous courses and programming up until his maladies prevented him from doing

---

[6] Riojas' medical records will be filed separately with a motion for leave to file under seal of Court as Exhibit F.

so.[7] Furthermore, Riojas has the love and support from his friends and family.[8] Finally, Riojas respectfully submits that early release will pose no threat to the public and does not undermine the Court's original intent in sentencing Riojas. Riojas poses no threat to society and his debilitating health further increases the chances of him dying in prison. If granted release, one of Riojas' final wishes is to visit his daughter's grave since he was unable to pay his last respects when his furlough petition was declined.

## V. CONCLUSION

While Riojas was sentenced to life in prison under a mandatory sentencing structure, Riojas should not have to die an undignified death shackled to a hospital bed and deprived of those who have loved and cared for him all of these years. Riojas' medical circumstances are the exact "extraordinary and compelling" circumstances contemplated by Congress in writing 18 U.S.C. § 3582(c)(1)(A) and expounded in the First Step Act of 2018. Riojas has been patiently waiting since November of 2017 for the BOP to act on his request for compassionate release. However, Riojas is quickly running out of time. Given the extraordinary and compelling circumstances present in this case, Riojas respectfully requests the Court reduce his sentence to time served pursuant to 18 U.S.C. § 3582(c)(1)(A) and the First Step Act of 2018 so that Riojas may spend his final days with his family and loved ones.

---

[7] *See* Exhibit G.
[8] *See* Exhibit H.

Respectfully submitted,

/s/ Jeremy Gordon
Jeremy Gordon
Jeremy Gordon, PLLC
1848 Lone Star Road, Suite 106
Mansfield, TX 76063
Tel: 972-483-4865
Fax: 972-584-9230
Email: Jeremy@gordondefense.com
TX Bar No. 24049810

*Counsel for Ricardo Riojas*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was duly served on all counsel of record via the Court's CM/ECF system this 28th day of June 2019.

/s/ Jeremy Gordon