UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:95-cr-00142-2 |
| | ) | |
| RICARDO RIOJAS, | ) | |
| | ) | |
| Defendant. | ) | |

**<u>RENEWED MOTION FOR REDUCTION OF SENTENCE PURSUANT
TO 18 U.S.C. § 3582(c)(1)(A)</u>**

Ricardo Riojas ("Riojas"), by and through the undersigned counsel, respectfully submits this Renewed Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A). In support thereof, Riojas offers the following:

On June 28, 2019, Riojas filed a Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A) based on his deteriorating health and extraordinary and compelling circumstances. (Docket Entry "DE" 6443). On February 21, 2020, the Court entered an Order denying Riojas' motion without prejudice "should the circumstances (including Riojas' medical situation) change." (DE 6451). Over the past two months, circumstances have changed in a severe and unprecedented way.

As of April 13, 2020, the Center for Disease Control reports a total of 554,849 individuals who have tested positive for the novel COVID-19 virus, with a total of 21,942 deaths.[1] As expected, the virus has now spread throughout the U.S. Prison system, including the Federal Bureau of Prisons ("BOP"). As of April 13, 2020, the BOP has reported 388 federal inmates and 201 BOP staff who have confirmed positive test results for COVID-19 nationwide. Thus far, there have been 13 federal inmate deaths due to COVID-19.[2]

Just days ago, Congress found that the BOP is not equipped with appropriate virus testing kits or sufficient protective equipment:

> (1) PERSONAL PROTECTIVE EQUIPMENT AND TEST KITS.–
>
> (A) FINDINGS.–Congress finds the following:
>
> (i) There is an urgent need for personal protective equipment and test kits to the Bureau based on the density of the inmate population, the high traffic, the high volume of inmates, the high rate of turnover of inmates and personnel, and the number of high-security areas, within the facilities of the Bureau.
>
> (ii) The inability of the Bureau to secure the purchase of infectious disease personal protective equipment and related supplies now and in the future is a vulnerability.
>
> (iii) The Bureau is currently competing in in and engaging the same landscape of vendors as all other Federal agencies and private entities.
>
> (iv) The ability of the Bureau to purchase needed equipment and supplies is currently subject to an individual manufacturer's

---

[1] https://www.cdc.gov/coronavirus/2019-ncov/cases-updates/cases-in-us.html

[2] https://www.bop.gov/coronavirus/

>specific recognition of the Bureau as a priority and subsequent allocation of the inventory of manufacturer to the Bureau.

CARES Act, 116 P.L. 136 (2020). And because of the strong potential for BOP facilities to become "petri dishes,"[3] the Attorney General recently issued a directive to the BOP that at-risk prisoners be considered for placement on home confinement.

Moreover, people of any age who suffer from the following have an elevated risk: chronic lung disease or moderate to severe asthma; serious heart conditions; conditions that can cause a person to be immunocompromised, including cancer treatment, smoking, bone marrow or organ transplantation, immune deficiencies, poorly controlled HIV or AIDS, and prolonged use of corticosteroids and other immune weakening medications; severe obesity; diabetes; chronic kidney disease or undergoing dialysis; or liver disease.[4] With Riojas' age and health condition, contracting the COVID-19 virus would undoubtedly be fatal.

Given COVID-19's recent surge in the federal prison system, several district courts have granted inmates' compassionate release requests just

---

[3] https://www.npr.org/sections/coronavirus-live-updates/2020/03/26/822016191/barr-federal-prisons-mustnt-become-petri-dishes-for-coronavirusCASE

[4] Centers for Disease Control and Prevention, *Groups at Higher Risk for Severe Illness*, https://bit.ly/3dYDrqI; *Coronavirus disease (COVID-19) advice for the public: Myth busters,* World Health Organization, https://cutt.ly/dtEiCyc ("Older people, and people with pre-existing medical conditions (such as asthma, diabetes, heart disease) appear to be more vulnerable to becoming severely ill with the virus.").

3

within the past few weeks. *United States v. Foster*, No. 1:14-cr-324-02 (M.D. Pa. Apr. 3, 2020) ("The circumstances faced by our prison system during this highly contagious, potentially fatal global pandemic are unprecedented. It is no stretch to call this environment 'extraordinary and compelling,' and we all believe that, should we not reduce Defendant's sentence, Defendant has a high likelihood of contracting COVID-19 from which he would "not expected to recover." USSG SS 1B1.13. No rationale is more compelling or extraordinary."); *United States v. Colvin*, No. 3:19-cr-179 (JBA), 2020 WL 1613943 (D. Conn. Apr. 2, 2020) ("She has diabetes, a 'serious … medical condition,' which substantially increases her risk of severe illness if she contracts COVID-19…. Defendant is 'unable to provide self-care within the environment of FDC Philadelphia in light of the ongoing and growing COVID-19 pandemic because she is unable to practice effective social distancing and hygiene to minimize her risk of exposure, and if she did develop complications, she would be unable to access her team of doctors at Bridgeport Hospital. In light of the expectation that the COVID-19 pandemic will continue to grow and spread over the next several weeks, the Court concludes that the risk faced by Defendant will be minimized by her immediate release to home, where she will quarantine herself."); *United States v. Brannan*, No. 4:15-cr-80-01 (S.D. Tx. Apr. 2, 2020) (emergency motion was granted same day of filing for prisoner who had served 9 months of a 36-month sentence for fraud at FCI Oakdale and had not exhausted BOP

remedies); *United States v. Resnik*, No. 1:12-cr-00152-CM (S.D.N.Y. 2020) ("Releasing a prisoner who is for all practical purposes deserving of compassionate release during normal times is all but mandated in the age of COVID-19"); *United States v. Williams*, No. 3:04-cr-95-MCR (N.D. Fla. Apr. 1, 2020) ("Williams' cardiovascular and renal conditions compromise his immune system, which, taken with his advanced age, put him at significant risk for even more severe and life threatening illness should he be exposed to COVID-19 while incarcerated….Based on these facts, the Court finds that Williams' deterioration in physical health is sufficiently serious to satisfy the medical criteria for a reduction in sentence."); and *United States v. Jepsen*, No. 3:19-cr-00073 (VLB), 2020 WL 1640232 (D. Conn. Apr. 1, 2020) ("Mr. Jepsen is in the unique position of having less than eight weeks left to serve on his sentence, he is immunocompromised and suffers from multiple chronic conditions that are in flux and predispose him to potentially lethal complications if he contracts COVID-19, and the Government consents to his release. The Court finds that the totality of the circumstances specific to Mr. Jepsen constitute 'extraordinary and compelling' reasons to grant compassionate release.").

Additionally, a district court in the Southern District of New York reduced a defendant's life sentence to time served under § 3582(c)(1)(A) in a case that is significantly similar to Riojas':

> To date, Mr. Millan, a non-violent, first-time offender, has served more than 28 years of the life sentence imposed by Judge Kram following his

>conviction at trial for his involvement in the "Blue Thunder" heroin distribution organization. He was a leader of a large-scale narcotics distribution organization, a most serious crime. Nevertheless, almost thirty years is a long time behind bars by any measure for anyone. *See United States v. McGraw*, 2019 WL 2059488, at *5 (S.D. Ind. May 9, 2019) ("Mr. McGraw has been in custody since September 2002--nearly 17 years. That is a significant sanction.").

*United States v. Millan*, No. 91-CR-685 (LAP), 2020 WL 1674058, at *8 (S.D.N.Y. Apr. 6, 2020).

Riojas is now 77 years old and at serious risk of contracting the COVID-19 virus. The circumstances surrounding Riojas' request for reduction of sentence have significantly changed since the Court's February 21, 2020 Order. Accordingly, Riojas respectfully renews his motion under 18 U.S.C. § 3582(c)(1)(A) and prays that the Court will enter an Order reducing Riojas' sentence to a term of time served.

Respectfully submitted,

/s/ Jeremy Gordon
Jeremy Gordon
Jeremy Gordon, PLLC
1848 Lone Star Road, Suite 106
Mansfield, TX 76063
Tel: 972-483-4865
Fax: 972-584-9230
Email: Jeremy@gordondefense.com
TX Bar No. 24049810

*Counsel for Ricardo Riojas*

6

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was duly served on all counsel of record via the Court's CM/ECF system this 15th day of April 2020.

/s/ Jeremy Gordon